IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA ex rel. SOUTHERN EQUIPMENT & SERVICES, LLC and SOUTHERN EQUIPMENT AND SERVICES, LLC,

   Plaintiffs,

   v.

WINDAMIR DEVELOPMENT, INC. and BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,

   Defendants.

CV 422-047

# O R D E R

Before the Court is Plaintiff Southern Equipment & Services, LLC's ("SES") motion for reconsideration or, in the alternative, for entry of final judgment. (Doc. 40.) For the following reasons, SES's motion is **DENIED**.

## I. BACKGROUND

On March 4, 2024, the Court granted in part and denied in part Defendants' motion for partial summary judgment (Doc. 24) and SES's motion for partial summary judgment (Doc. 29). (Doc. 38.) Specifically, the Court granted summary judgment for Defendants on Count II, the Federal Prompt Pay Act; Count III, the Miller Act; and Count IV, the Georgia Prompt Pay Act. (Id. at 8-25.) Further,


the Court granted summary judgment for SES on Defendant Windamir's delay claim based on coordination of submittals. (Id. at 32-35.)

On April 1, 2024, SES filed a motion for reconsideration or, in the alternative, entry of final judgment. (Doc. 40.) SES moves the Court to reconsider the portion of its March 4, 2024 Order granting Defendants summary judgment on SES's Miller Act claim. (Id. at 1.) SES contends the Court erred in finding SES re-shooting a training video constituted repair work that did not extend the Miller Act suit deadline. (Id. at 2.) The Court addresses SES's arguments below.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) (citation omitted) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that

should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone

3

v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). SES asks the Court to reconsider under Rule 59(e). (Doc. 40, at 1.)

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted and alterations adopted).

### III. DISCUSSION

The Court considers SES's request for reconsideration and then its alternative request for entry of final judgment.

**A. Reconsideration**

SES asks the Court to reconsider its decision on its Miller Act claim as it relates to the re-shooting of a training video. (Doc. 40, at 1-2.) In its March 4, 2024 Order, the Court found SES's Miller Act claim was untimely because the training video was initially recorded during an in-person training session but was eventually rejected by the government for poor audio. (Doc. 38,

4

at 14 (citing Doc. 31, at 5).) Because of this, SES returned to Fort Stewart and re-shot a video of the training session. (Id. (citing Doc. 31, at 5).) The Court did not extend the Miller Act deadline based on SES's return to Fort Stewart because it found the re-recording of the training video was not crucial to the operation or functioning of the Project[1], so it did not qualify as labor. (Id. at 16.) Instead, the Court found SES completed the training video in January 2021, and the re-recording was repair of a completed task and did not extend the Miller Act deadline. (Id. at 15.)

"SES contends that the Court erred in finding that SES's work in creating the acceptable video constituted repair work that did not extend the Miller Act suit deadline." (Doc. 40, at 2.) SES argues Windamir, not SES, recorded the original video, so it cannot be said that re-shooting the video at Windamir's request was performing work to correct or repair work SES previously completed. (Id. at 4.) Ultimately, SES's argument is that the re-shooting involved creating a training video it never created previously, so it should extend the Miller Act deadline. (Id. at 5.) In response, Defendants argue SES points to no evidence and provides no affidavits to illustrate how shooting the training video affected the operation or function of the Project, and even if SES did not

---

[1] The Project, as defined in the Court's March 4, 2024 Order, refers to a construction project for a vehicle paint preparation facility at Fort Stewart, Georgia. (Doc. 38, at 1-2.)

5

record the original video, that is immaterial and irrelevant because SES ratified Windamir's conduct of doing so. (Doc. 41, at 5-6.) Defendants assert SES submitted the video with the belief it satisfied its contractual obligations to provide a training video, as SES submitted in the summary judgment record. (Id. at 6 (citing Doc. 31-3, ¶ 14).) They argue SES cannot withdraw its ratification to avoid the adverse ruling of the Court. (Id.) In reply, SES argues that just because it believed Windamir created the original video to serve as the contractual requirement does not support any argument SES sanctioned, submitted, or ratified the defective video. (Doc. 43, at 2.)

SES alleges no change in law or new evidence, but alleges the Court erred in finding its work in creating an acceptable training video constituted repair work that did not extend the Miller Act deadline. (Doc. 40, at 2.) As such, SES moves for reconsideration on the basis the Court needs to correct clear error or prevent manifest injustice. Schiefer, 2007 WL 2071264, at *2. But the Court finds there was no clear error or manifest injustice, and SES cannot use reconsideration to raise arguments it could have raised when the Court first considered this matter. See Arthur, 500 F.3d at 1343.

As Defendants point out, according to Jim Cerny, the managing member of SES who engaged in all aspects of SES's work on this Project, he believed Windamir's video would serve as the video

6

required by the government. (Doc. 31-3, ¶ 14.) Furthermore, and most importantly, SES never argued in opposition to Defendants' motion for summary judgment that since it did not record the original video itself, the re-shooting could not be categorized as repair work. (See Doc. 31.) Thus, SES tries to use its motion for reconsideration to assert new arguments it could have made before the Court ruled on the motion for summary judgment, and that is improper. See Arthur, 500 F.3d at 1343. Even if SES raised this argument at the proper time, it would not have changed the Court's analysis. No matter who pushed the "record" button on the original video, the Parties do not dispute there was a video meant to satisfy the contract's requirement, it was rejected by the government, and it had to be re-shot by SES. (Doc. 24-2, at 6-7; Doc. 31-3, at 3.) Thus, the Court's analysis from its March 4, 2024 Order does not change simply because Windamir, not SES, recorded the original video. (Doc. 38, at 14-16.) The re-shooting of the video was simply corrective work that was not essential to the operation or functioning of the Project, and therefore does not extend the deadline for Miller Act filing. (See id.) Thus, SES's motion for reconsideration (Doc. 40) is **DENIED**.

## B. Entry of Final Judgment

In the alternative, SES asks the Court to enter final judgment so it can appeal the judgment against its Miller Act claim. (Doc. 40, at 6-8.) Defendants oppose this request. (Doc. 41, at 6-8.)

SES makes its request for entry of final judgment under Federal Rule of Civil Procedure 54(b). (Doc. 40, at 6.) Rule 54(b) "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997) (citation omitted). The Court is required "to balance judicial administrative interests and relevant equitable concerns." Id. at 166 (citation omitted). This limits Rule 54(b) certifications "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. (citations omitted). Such certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. (citation omitted). "[T]he Rule effectively preserves the historic federal policy against piecemeal appeals." Valdez v. Staples, Inc., No. 4:06-cv-0263, 2009 WL 10670242, at *1 (N.D. Ga. June 4, 2009) (quoting Ebrahimi, 114 F.3d at 165-66) (internal quotations omitted).

Following the Eleventh Circuit's guidelines, the Court does not find this is an unusual case that warrants a Rule 54(b) certification. The Court is required "to exercise the limited

8

discretion afforded by Rule 54(b) conservatively." Ebrahimi, 114 F.3d at 166 (citation omitted). By SES's own admission, the Miller Act claim is connected to other claims still pending before the Court. (Doc. 40, at 7.) "[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)" because the Eleventh Circuit "undoubtedly would be required to relearn the same set of facts if and when the case returned . . . on appeal from the district court's final judgment." Id. at 167. Thus, SES's request for entry of final judgment is **DENIED**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that SES's motion for reconsideration or, in the alternative, for entry of final judgment (Doc. 40) is **DENIED**. The case shall proceed to trial in due course.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of October, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA